993 F.2d 913
 301 U.S.App.D.C. 251
 NOTICE: D.C. Circuit Local Rule 11(c) states that unpublished orders, judgments, and explanatory memoranda may not be cited as precedents, but counsel may refer to unpublished dispositions when the binding or preclusive effect of the disposition, rather than its quality as precedent, is relevant.
APPLEDORE COMMUNICATIONS, INC., Appellant,
v.
FEDERAL COMMUNICATIONS COMMISSION, Appellee,
Donna M. MacNeil, Intervenor.
 No. 92-1079.
 United States Court of Appeals, District of Columbia Circuit.
 April 29, 1993.
 
 Before WALD, BUCKLEY, and WILLIAMS, Circuit Judges.
 JUDGMENT
 PER CURIAM.
 
 
 1
 This case was considered on the record from the Federal Communications Commission and on the briefs and oral arguments by counsel. After full review of the issues presented, the court concludes that appropriate disposition of the appeal does not warrant an opinion. See D.C.Cir.R. 14(c). On consideration thereof and for the reasons set forth in the attached memorandum, it is
 
 
 2
 ORDERED AND ADJUDGED by the court that the Commission's decision appealed from herein be affirmed.
 
 
 3
 The Clerk is directed to withhold issuance of the mandate herein until seven days after disposition of any timely petition for rehearing. See D.C.Cir.Rule 15. This instruction to the Clerk is without prejudice to the right of any party at any time to move for expedited issuance of the mandate for good cause shown.
 
 MEMORANDUM
 
 4
 Appellant Appledore Communications, Inc. ("ACI") challenges the Federal Communications Commission's grant to Donna MacNeil of a construction permit for a new FM broadcast station at Bedford, New Hampshire. In our review of a comparative determination, the Federal Communications Commission is entitled to substantial deference; we assess only whether the Commission "has given reasoned consideration to all the material facts and issues." Cleveland Television Corp. v. FCC, 732 F.2d 962, 972 (D.C.Cir.1984) (internal quotes omitted).
 
 
 5
 ACI points to Mrs. MacNeil's long history of business partnership with her husband to challenge the Commission's decision to grant her a 100 percent integration credit. As ACI does not question her status as the sole proprietor of the station, the question is whether she would exercise final control over the station's management. See Marlin Broadcasting v. FCC, 952 F.2d 507, 511 (D.C.Cir.1992). Nothing in the record suggests that Mrs. MacNeil will not honor her pledge to serve as the station's full-time general manager: She initiated the application; she worked closely with an experienced broadcaster (not her husband) to secure communications counsel, the tower site, and the necessary financing. This record sets this case apart from those cases in which an applicant's spouse was "entangled" in the application process. See, e.g., Richard P. Bott, 4 F.C.C.R. 4924 (Rev.Bd.1989), rev. denied, 5 F.C.C.R. 2508 (1990).
 
 
 6
 ACI also contests the Commission's assessment of the various qualitative enhancements sought by the parties. In particular, ACI contests the Commission's grant of strong qualitative enhancements to Mrs. MacNeil for local residence and past civic activities. The facts clearly support the agency finding with respect to residency. Any differences between the two parties with respect to involvement in activities are certainly closer. In comparative cases such as this one, where the differences between the applicants are small "and ... the ultimate decision depends on minor distinctions, we defer to the Commission's conclusion." Marlin Broadcasting, 952 F.2d at 513.
 
 
 7
 ACI suggests as well that the Commission's decision is tainted by its reliance on the now-discredited gender enhancement and notes correctly that since the Commission's decision on this matter, this court invalidated the female gender enhancement sought by Mrs. MacNeil. See Lamprecht v. FCC, 958 F.2d 382 (D.C.Cir.1992). Our analysis of the syntax of both the Commission's Order, Colonial Communications, Inc., 6 F.C.C.R. 2296 (May 2, 1991), and its dismissal of the Petition for Reconsideration, Colonial Communications, Inc., 7 F.C.C.R. 674 (Jan. 23, 1992), convinces us that the gender preference was not decisive. In its Order, the Commission stated only that the gender preference "further enhanced" the substantially greater credit due Mrs. MacNeil under the other qualitative criteria. See Colonial Communications, Inc., 6 F.C.C.R. at 2297. In denying the Petition for Reconsideration, the Commission rejected a challenge to the constitutionality of the gender preference, but nothing in that discussion suggests that the Commission reweighed the qualitative criteria. See Colonial Communications, Inc., 7 F.C.C.R. at 674.
 
 
 8
 We also find that the Commission properly rejected ACI's request that it be allowed to establish its "minority sensitivity." The Commission's position on this point is within its wide discretion.
 
 
 9
 The Commission enjoys wide discretion in interpreting and applying its own policies, see New South Broadcasting Corp. v. FCC, 879 F.2d 867, 870 (D.C.Cir.1989), particularly in uncharted waters. Even ACI admits that this is a "murky area" of the Commission's case law. See Colonial Communications, Inc., 5 F.C.C.R. 1967, 1970 n. 5 (Rev.Bd.1990). The sum total of the Commission's thinking on the issue is contained in two Review Board decisions. See San Joaquin T.V. Improvement Co., 96 F.C.C.2d 594 (Rev.Bd.1983); Chase Communications Co., 100 F.C.C.2d 689 (Rev.Bd.1985). In one of those decisions, the Review Board noted that it could not set the "metes and bounds" of the minority sensitivity showing absent some guidance from the Commission. San Joaquin, 96 F.C.C.2d at 602. Furthermore, as the applicants in those cases sought to offset meritorious requests for minority preference, while in this case ACI seeks an affirmative preference, these two "precedents" are not directly on point. See Colonial Communications, Inc., 5 F.C.C.R. at 1970 n. 5.
 
 
 10
 The Commission also properly refused to designate a financial issue against Mrs. MacNeil. The Commission requires only that each applicant provide a "reasonable assurance" of access to the necessary funds, Metromedia Radio & T.V., Inc., 102 F.C.C.2d 1334, 1351 (1985), and has long held that a bank loan commitment letter will provide that assurance. In seeking to "enlarge the issues," ACI bore the burden of demonstrating the existence of a substantial and material question of fact regarding the bank commitment letter. See 47 C.F.R. § 1.229(d). The best that appellant could do was to claim that Mrs. MacNeil's failure to advise the Commission of a substantial increase in a mortgage liability and her overstatement of the value of two properties in her submissions to the Commission suggested "in all likelihood" that the bank that supported her application was kept in the dark on these issues. See Appellant's Reply Brief, Appledore Communications, Inc. v. FCC, No. 92-1079 at 14. This argument is by its own terms speculative, especially in light of the bank's issuance of a second letter in which it insisted that it was familiar with Mrs. MacNeil's "personal financial situation."
 
 
 11
 As the foregoing discussion illustrates, the Commission has given careful consideration to all the material facts and issues in this case. In light of the broad discretion that the Commission enjoys in comparative licensing proceedings, we affirm its decision.
 
 
 12
 So ordered.